ECF CASE

05 CIV. 7280

Judge McMahon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Salli J. Bragg, individually and on behalf of others similarly situated,

        Plaintiffs,

V.

Terrier Claims Services, Inc., Daniel J. Sullivan, and Edward J. Sulllivan,

        Defendant.

S.D. OF N.Y. W.P.
2005 AUG 17 P 2: 43
FILED U.S. DISTRICT COURT

# COMPLAINT

**INTRODUCTION**

1. Plaintiffs bring this action for unpaid overtime. The action is brought as a class action for New York employees and as a collective action for New York and New Jersey employees.

**JURISDICTION**

2. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over plaintiffs' claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

3. This Court has supplemental jurisdiction over the state claim raised by virtue of 28 U.S.C. §1367(a).

**VENUE**

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1). Upon information and belief, the defendant Corporation resides within this District.

5. Plaintiffs were employed by defendants within this district.

6. The causes of action accrued in this district.

**PARTIES**

**A.    Plaintiffs**

7. The named plaintiff was an employee of defendant. A Consent to Sue is attached at the back of this complaint.

8. Plaintiff was engaged in commerce while working for defendant.

9. The term "plaintiff" as used in this complaint refers to the named plaintiff and any additional represented parties employed by defendants as an Investigator or Surveillance Investigator, or any other titled similar position, pursuant to the collective action provision of 29 U.S.C. §216(b).

10. The term "plaintiff" as used in this complaint refers to the named plaintiff and any additional represented parties employed by defendant as an Investigator or Surveillance Investigator in New York, pursuant to the class action provisions of the Federal Rules of Civil Procedure. Upon information and belief, the class is so numerous that joinder is impractical; there are questions of law or fact common to the class; the claims of the named plaintiff are typical of the claims of the class; the representative parties will fairly and adequately protect the interests of the class. Pursuant to FRCP Rule 23(b)(3), common questions of overtime and minimum wage eligibility predominate over individual questions and a class action is a superior method for adjudicating this dispute.

11. Upon information and belief, defendants regularly engaged employees to work on an hourly basis with for all hours worked without payment of time and one half overtime premium pay. Defendants also regularly did not pay plaintiff for all hours worked.

12. Plaintiff brings this action on behalf of all similarly situated employees not paid time and one half overtime premium pay and not paid for all hours worked under the collective action provisions of the FLSA.

### B. Defendants

13. Defendant TERRIER CLAIMS SERVICES, INC. is a New York corporation that lists its headquarter's address as 128 Court Street, White Plains, NY 10601. Defendants Daniel J. Sullivan and Edward J. Sullivan are the owners and operators of the defendant corporation. Upon information and belief, defendants Daniel J. Sullivan and Edward J. Sullivan set the wage and hour policies and practices of defendant corporation.

14. Defendants operates a business that provides full service insurance investigations, trial preparation, surveillance, and property adjustments. Upon information and belief the defendant corporations have had gross revenues in excess of $500,000 for all relevant periods herein.

15. Defendants maintain offices for plaintiff and others within the Southern District of New York.

16. Defendants routinely conduct business within the Southern District of New York.

17. Upon information and belief, defendants operate an enterprise engaged in commerce within the meaning of the FLSA.

18. For each of the 3 years preceding the filing of the initial complaint herein, defendants

have employed 2 or more individuals "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce."

**FACTS**

19. The named plaintiff was employed by defendant from on or about 8/11/02 until on or about 5/16/05.

20. The named plaintiff was employed as an Investigator and Surveillance Investigator. In this position she primarily did personal surveillance on people thought to be involved in possible fraudulent insurance claims.

21. Plaintiffs (including the named plaintiffs) regularly worked more than 40 hours per week for defendants.

22. Defendants failed to pay plaintiffs overtime compensation at the rate of time and one-half for all hours worked over 40.

23. Defendants did not allow plaintiff to submit all hours worked on their time record.

24. Defendants' failure to pay plaintiffs the proper wages required by law was willful.

25. All actions and omissions described in this complaint were made by defendants directly or through their supervisory employees and agents.

## CAUSE OF ACTION
## (OVERTIME)

26. Defendants failed to pay premium overtime and minimum wages to the collective action plaintiffs in violation of the Fair Labor Standards Act, 29 U.S.C. §203, 207 et seq. and its implementing regulations.

27. Defendants' failure to comply with the FLSA caused plaintiffs to suffer loss of wages and interest thereon.

28. Defendants failed to pay overtime and minimum wages to the class action plaintiffs in violation of New York Labor Law Articles 6 and 19 and their implementing regulations, 12 NYCRR §138-2.1 *et. seq.* as well as the common law (contract) of New York.

29. Defendants' failure to comply with the NY Labor Law minimum wage and overtime protections caused plaintiffs to suffer loss of wages and interest thereon.

WHEREFORE, plaintiffs request that this Court enter judgment or an order to plaintiffs:

A. Declaring that the defendants violated the Fair Labor Standards Act and New York Labor Law, Article 19;

B. Declaring that the defendants' violations of the FLSA and New York Labor Law were willful;

C. Allowing this action to proceed as a class action under FRCP Rule 23 on behalf of the New York class defined above.

D. Awarding damages for their claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages;

E. Awarding damages for their claims of unpaid wages as secured by Articles 6 and 19 of the New York Labor Law;

F. Awarding the plaintiffs' costs (including expert witness costs and fees) and reasonable attorneys' fees;

G. Granting plaintiffs such other and further relief, including equitable relief, as this Court finds just and necessary.

Dated: August 12, 2005

Respectfully Submitted,

*[signature: Dan Getman]*

Dan Getman, Esq. (DG4613)
Getman Law Office
9 Paradies La.
New Paltz, NY 12561

(845) 255-9370
(845) 255-8649 (fax)

email: dgetman@getmanlaw.com

ATTORNEYS FOR PLAINTIFFS

complaint